POLICE PENSION PLAN OF CITY — AGE LIMIT (1) A police officer over forty (40) years of age, employed since April 17, 1969, is not eligible to participate in the police pension or retirement plan of a city established pursuant to 11 O.S. 541 [11-541] to 11 O.S. 541x [11-541x]. (2) 11 O.S. 541x [11-541x] (1969) is constitutional even though it might take away "legislative powers" from a home rule city. (3) A city in Oklahoma has the "right and power" to employ a police officer over thirty-five (35) years of age who otherwise is qualified. Such officer, however, cannot be accepted for pension plan membership under Section 541x, supra. The Attorney General has had under consideration your letter of December 12, 1969, wherein you state: "The City of Kingfisher, a charter City and Home Rule City adopted a Police Pension Plan under the statutes existing prior to the 1969 session of the Legislature. "Under the plan adopted an officer could be hired but would be required to retire at age 70. The pension plan was set up under the previously existing law. "Under Chapter 189 H.B. 1437 Laws of 1969 Adopted April 17, 1969, the law requires an officer to be not less than 21 and no more than 35 years of age in order to join the police force and participate in the pension or retirement plan. An ordinance has not been adopted under the new law, and the City of Kingfisher employed an officer who is past 40, but who otherwise qualifies, and the City has attempted to find qualified officers under 35 but has not been able to find the type of person required on the force." In connection with these facts you request our opinion on the following questions: "1. Is officer A over 40, employed since April 17, 1969 eligible to participate in the pension or retirement plan? "2. Is this provision of the law constitutional as taking away from the City and especially a home rule city legislative powers and right? "3. If it is impossible to find qualified persons between 21 and 35 what right and power does a City have in employing an officer over 35 who otherwise qualifies?" Title 36 O.S. 312.1 [36-312.1] (1969) provides in part: "(b) Three-fourths (3/4) or seventy-five percent (75%) of the four percent (4%) taxes collected in premiums by insurance companies, other than fire insurance companies, on automobile liability and property damage, and burglary and theft insurance in this state, shall be allocated and disbursed annually to the Police Pension and Retirement System of each city or town of this state having such a system under the provisions of 11 O.S. 541 [11-541] through 11 O.S. 541w [11-541w], in the proportion that the total amount of salaries paid to police officers participating and entitled to participate in all such systems, said disbursements to be deposited and expended by each system as, and for the same purpose other funds thereof are deposited and expended. . . ." O.S.L. 1969, Chap. 189 1 (11 O.S. 541x [11-541x] (1969)) requires: ". . . that police officers in no instance shall be less than twenty-one nor more than thirty-five years of age when accepted for pension plan membership. . . . No police officers . . . shall be permitted to receive more than one pension from the State of Oklahoma or its political subdivisions thereof." The eligibility of policemen to pensions and retirement is not a matter of purely municipal concern. The charter and ordinances of a city in regard thereto would not control over state general law for the reason that substantial funds for such pensions and retirement are levied and supplied by taxation at the state level. It is the opinion of the Attorney General your first question should be answered in the negative. A police officer over forty (40) years of age, employed since April 17, 1969, is not eligible to participate in the police pension or retirement plan of a city established pursuant to 11 O.S. 541 [11-541] to 11 O.S. 541x [11-541x] (1961-1969). Article V, Section 36
Oklahoma Constitution provides: "The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever." A presumption of constitutionality attends every legislative act. We know of no reason and none is mentioned by you which would render Section 541x, supra, unconstitutional. A general state law regulating police pensions and retirement would appear to be a "rightful subject of legislation" under Article V, Section 36 above. It is the further opinion of the Attorney General, therefore, that your second question be answered in the affirmative. 11 O.S. 541x [11-541x] (1969) is constitutional even though it might take away "legislative powers" from a home rule city. Your third question should be answered as follows: A city in Oklahoma has the "right and power" to employ a police officer over thirty-five (35) years of age who otherwise qualifies. Such officer, however, cannot be accepted for pension plan membership under Section 541x, supra. (W. J. Monroe) ** See: opinion no. 71-130 (1971) ** ** SEE: OPINION NO. 70-115 (1970) ** ** SEE: OPINION NO. 70-348 (1970) ** ** SEE: OPINION NO. 78-175 (1978) ** ** SEE: OPINION NO. 76-289 (1976) **